## CRAWFORD v. WHITTLESEY.

1. The writ and declaration were at the suit of J. A. R., assignee, &c. of S. A. W. and A. R.; on the margin of the judgment entry the case is thus stated, J. A. W. assignee, &c. of W. and R: *Held*, that if the names of the parties had been entirely omitted on the margin of the judgment, the writ and declaration might perhaps have been referred to, to sustain it; but however this may be, the error was a " clerical misprision in entering judgment," and under the act of 1824, is amendable at the costs of the plaintiff in error, where a correction is first sought in an appellate court.

Writ of error to the Circuit Court of Barbour.

THE writ and declaration in this case are in the name of Jacob A. Robertson, assignee of the debts, estate and effects of Samuel A. Whittlesey and Alexander Robertson, late partners, &c. On the margin of the judgment entry, the case is thus stated . " Jacob A. Whittlesey, assignee of Whittlesey & Robertson v. Alexander P. Crawford." The judgment is by default, and writ of inquiry executed.

Bogan v. Martins.

BELSER and CRAWFORD, for the plaintiff in error, contended that the judgment departed from the writ and declaration in making another party plaintiff, and was not authorised by either.

No counsel appeared for the defendant.

COLLIER, C. J.—If the names of the parties had been omitted entirely on the margin of the entry, it would perhaps have been competent to refer to the writ and declaration to sustain it. But be this as it may, it is perfectly clear that the designation of the parties is a mere clerical mistake, in writing the plaintiff's name " Jacob A. Whittlesey," instead of " Jacob A. Robertson."

None of our previous decisions are precisely analagous to this ; but it seems to us that it is just such a case as is contemplated by the fourth section of the act of 1824, " to regulate pleadings at common law." [Clay's Dig. 322, § 54.] That section is in these words : " No cause shall be reversed by the Supreme Court, or any Circuit Court, for any miscalculation of interest, or other clerical misprision in entering judgment, so as to give costs to the plaintiff in error ; but in all such cases, the Supreme Court may order the judgment to be amended at the costs of the plaintiff in error."

We feel constrained thus to order the judgment to be amended, by substituting upon the margin the name of the plaintiff in the declaration, instead of Whittlesey.